CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

MAR 24 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Pam Coleman
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

|  |  |
|---|---|
| JACK N. LUCK, JENNIE D. LUCK, and WILLIAM C. LUCK, *Plaintiffs*, v. UNITED STATES DEPARTMENT OF AGRICULTURE and TOM VILSACK, SECRETARY, *Defendants*. | CIVIL ACTION NO. 6:10-CV-37 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

Plaintiffs Jack N. Luck ("Jack"), Jennie D. Luck ("Jennie"), and William C. Luck ("William") brought this *pro se* claim against the United States Department of Agriculture ("USDA") and Secretary of Agriculture, Tom Vilsack (the "Secretary"). The complaint alleges that an employee of the USDA's Farm Service Agency ("FSA") falsely represented that there were no funds available for FSA loans in early 1996, and that Plaintiffs relied on that statement to their detriment. Defendants now move to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (docket no. 8). As no hearing has been requested, and Plaintiffs have not timely responded to the motion to dismiss, the matter is ripe for decision. For the reasons given herein, the motion will be granted with prejudice.

I.

Jack and Jennie are husband and wife, and at all relevant times Jack and William were partners in a dairy operation in Montvale, Virginia.[1] As of 1995, the partnership, known as

---

[1] A court evaluating a motion to dismiss under Rule 12(b)(1) must assume the validity of all of the facts alleged in the complaint. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982).

Virginia Valley View Farms (the "farm"), was an FSA borrower in good standing and entitled to the benefits of USDA farm loan programs. After Bedford County, Virginia was declared an agricultural disaster area in 1995, the farm was entitled to seek a disaster loan from the FSA. In October 1995, Jack applied for such a loan in the Bedford County FSA office, where he spoke with Thomas A. Slate ("Slate"), a loan processor. When Jack explained that he needed a loan no later than April 15, 1996 in order to plant his feed crops, Slate assured him that the loan would be ready on time. He made similar assurances during a February 2, 1996 visit to the farm.

However, when Jack returned to the FSA office the following month, Slate informed him that the FSA had no additional funding for disaster loans, or general FSA loans, and that his only option was to seek out a private lender. Plaintiffs ultimately closed on a loan with Bedford Federal Savings Bank in October 1996, months after the appropriate time to plant a feed crop had passed. As a result, they were unable to plant the crop, their cattle died, their dairy production collapsed, and Plaintiffs lost the farm's real and personal property in foreclosure. Years later, on August 12, 2008, the USDA's Chris Beyerhelm confirmed to Plaintiffs via e-mail that FSA did have funds available for loans in 1996, and that disaster loans were available for all eligible applicants.

Plaintiffs filed suit in this court on August 12, 2010, seeking compensatory damages in the total amount of $5 million, and punitive damages in the amount of $10 million. As the complaint alleges that the FSA intentionally misrepresented the availability of funds, that the misrepresentation concerned a material fact, and that Plaintiffs relied upon such misrepresentation to their detriment, it is apparent that the Plaintiffs are attempting to proceed on a theory of common law fraud. *See Cohn v. Knowledge Connections, Inc.*, 585 S.E.2d 578, 581 (Va. 2003). A court is charged with construing *pro se* pleadings liberally for the development of

a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*). Because the instant claim sounds in tort, I construe it to seek relief under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, ("FTCA").

## II.

It is well established that the United States may only be sued to the extent it waives sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The scope of the waiver "define[s] [a] court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). A waiver must be "unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). And a plaintiff "who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (quoting *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984). Here, Plaintiffs fail to meet their burden. Although the FTCA waives sovereign immunity for certain claims, it is not unlimited in scope, and it imposes requirements that Plaintiffs have not satisfied.

As there has been no allegation that Plaintiffs have exhausted administrative remedies, their claim must be dismissed. *McNeil v. United States*, 508 U.S. 106, 113 (1993). The FTCA provides that "[a]n action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). There is no indication that Plaintiffs have instituted any claim with the USDA, let alone that there has been a final decision on such a claim.[2]

---

[2] Defendants aver that Plaintiffs filed a claim alleging due process violations with the USDA in 2000. Although they purport to attach a copy of such claim to their motion to dismiss, upon review, the document is actually a complaint filed in this court. *See Luck v. United States*, No. 6:01-cv-16 (W.D. Va. Oct. 24, 2001), *aff'd* 30 Fed. App'x 269 (4th Cir. 2002) (unpublished opinion).

Furthermore, the FTCA requires plaintiffs to present their claims "in writing to the appropriate Federal agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). At the very latest, Plaintiffs' cause of action accrued as of August 12, 2008, when they received Chris Beyerhelm's e-mail. Thus, to preserve their right of action, Plaintiffs were required to file a claim with the USDA by August 12, 2010, at the latest. However, as there is no basis to support a conclusion that Plaintiffs filed a claim within the deadline, the court lacks jurisdiction over the case. *Ahmed v. United States*, 30 F.3d 514 (4th Cir. 1994) (holding that the filing of an administrative claim before filing suit is "jurisdictional and may not be waived.") (citation omitted).

Moreover, even assuming that Plaintiffs timely filed a claim, the court would still lack jurisdiction. As noted, the FTCA's waiver of sovereign immunity is not comprehensive. Indeed, it does not apply to causes of action for "misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). As the claim falls squarely within the exception of Section 2680(h), Plaintiffs cannot prevail.

### III.

For the reasons given herein, Defendants' motion to dismiss will be granted with prejudice.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to all counsel of record.

3-24-2011

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE